# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROLAND PRICE,**

                Plaintiff,

v.                                                        **Case No. 15-cv-774-pp**

**LEBBEUS BROWN, AND**
**PHILLIP FRIEDRICH**

                Defendants.

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 20), GRANTING PLAINTIFF'S MOTION FOR ORDER TO RETURN EXHIBITS (DKT. NO. 21), GRANTING DEFENDANTS' MOTION TO SCREEN AMENDED COMPLAINT (DKT. NO. 24), AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT USING THE COURT'S FORM COMPLAINT ON OR BEFORE MARCH 8, 2017**

The plaintiff, state prisoner Roland Price, is representing himself. On May 9, 2016, Magistrate Judge William E. Duffin granted the plaintiff's motion for leave to proceed without prepayment of the filing fee, and screened the plaintiff's second amended complaint. Dkt. No. 16. Judge Duffin allowed the plaintiff to proceed on retaliation claims against defendants Lebbeus Brown and Phillip Friedrich. Id. at 8.

<u>Motion to Amend Complaint—Dkt. No. 20</u>

Judge Duffin did not allow the plaintiff to proceed on his claim that the defendants had confiscated and destroyed his property, because the plaintiff did not demonstrate that the confiscation and destruction were the result of an established institution procedure, and because he had not demonstrated that

Wisconsin's state tort remedies were insufficient to address the confiscation/destruction. Id. at 5-6. The plaintiff's motion to amend does not address either of Judge Duffin's concerns. The plaintiff argues that the defendants violated D.O.C. policy by taking his belongings. Dkt. No. 20 at 6-9. Even if the defendants violated D.O.C. policy, that does not mean that they violated the Constitution; in a federal §1983 case, a plaintiff must allege that a defendant violated his constitutional rights. The plaintiff also does not explain why he cannot use Wisconsin's laws prohibiting wrongful taking of property and damage to property to address these issues. See, e.g., Wis. Stat. §§893.51 (action for wrongful taking of personal property); 893.52 (action for damages to injury to property); 943.20(1)(a) (theft). At this point, he still has not stated sufficient facts to allow him to proceed in federal court under §1983 on his confiscation/destruction claim.

Judge Duffin also ruled that the plaintiff could not proceed on his claim that the confiscation of his property denied him access to the courts. Dkt. No. 16 at 5-6. Judge Duffin ruled that in order to support an access-to-courts claim, the plaintiff needed to show that the confiscation/destruction of his property caused him to lose his case, or lose on some particular issue. Judge Duffin explained that a plaintiff had to spell out, in his complaint, why he believed the loss of his property caused him to lose a motion, or his case. Id. at 6. In the motion to amend, the plaintiff again explains how he lost the materials, and explains what materials he lost. Dkt. No. 20 at 8-9. He then cites case law about access-to-courts claims, and argues that the defendants

conspired to cause him to miss a court deadline and to render him unable to research and draft litigation by not giving him enough library time. Id. at 9. He appears to argue that, because he didn't have his papers, he missed a critical filing deadline, id. at 10-11; got in trouble with assistant district attorneys and assistant attorneys general, id. at 12; caused his complaint to stall, id.; and caused various Wisconsin courts to misconstrue the pleadings he did file, id. at 9-13. He also throws in that the defendants also denied him access to the courts by not giving him enough time in the law library, and for not letting him have prison jobs so that he could earn the money to pay for copies.

The plaintiff may be able to state an access-to-courts claim. It would be helpful to the court in figuring that out if the plaintiff could leave out all of the cases he cites, and all of the legal language, and just tell the court: "I wanted to file a writ of certiorari with the Wisconsin Supreme Court, and I was supposed to file it by a certain deadline. Because defendants A, B, C and D took copies of the cases that I needed to write that document, I wasn't able to file it in time, missed the deadline, and the court denied the writ." If that is what the plaintiff is arguing, he can just say that—no fancy legal language, no "upon information and belief," no cites to cases or statutes. That would help the court understand the basis for his claims.

The plaintiff also argues in his motion that Judge Duffin should have been able to figure out, by looking at the ninety pages of attachments he sent to the court, how the loss of his property impacted his civil rights. But the law requires the court to screen the *complaint*. At the very early screening stage of a

3

case, courts do not review evidence—that comes later. At the screening stage, Judge Duffin was required to look at the information in the complaint to decide whether the plaintiff had alleged sufficient facts to support his claims. If the allegations in the complaint itself are not sufficient to allow the plaintiff to proceed on a claim, then the court should not allow the plaintiff to proceed on that claim. Judge Duffin looked at what he was supposed to look at.

The court is going to give the plaintiff another opportunity to file a concise, straightforward amended complaint. The court is sending, along with this order, the court's form complaint, as well as a guide for *pro se* inmate plaintiffs on how to file a complaint that the court can review. The plaintiff must use the form. He must label the document "third amended complaint." He should not include case citations or statutory citations. He must state, in clear, straightforward language, what each defendant did to him, and how that defendant's actions violated his constitutional rights.

The court also notes that on November 7, 2016, the plaintiff submitted an unsigned affidavit in support of amending the complaint. Dkt. No. 23. It appears the plaintiff wanted the Warden of New Lisbon Correctional Institution to sign this affidavit, but the warden refused. The other page of the affidavit details several occasions on which Correctional Officer Olsen interfered with the plaintiff's ability to mail documents to courts since he filed this complaint. The plaintiff may include these claims in his third amended complaint, if he chooses to, and if the claims are properly related to the other claims in the complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Defendants' Motion to Screen Second Amended Complaint—Dkt. No. 21

The defendants filed a motion asking the court to screen the second amended complaint. Dkt. No. 24. The court has, as part of its decision allowing the plaintiff to file an amended complaint, screened his second amended complaint. Thus, the court will grant that motion. Dkt. No. 24.

The court notes, however, that the defendants' motion is unnecessary and inefficient. When the court receives the third amended complaint, it will screen it under 28 U.S.C. § 1915(e)(2). It is required to do so by statute. The court cannot guarantee that it will screen the third amended complaint the minute the plaintiff files it—the court's case load is very heavy, particularly given the fact that one of the four judges on the court passed away in September and the processing for nominating his successor has not begun—and it sometimes cannot screen complaints as quickly as it would like due to trials, hearings, and motions in other cases. But the court will screen the third amended complaint. The court asks the defendants not to file motions to screen complaints in the future.

Motion in Support of the Return of Exhibit—Dkt. No. 21

Finally, the plaintiff asks the court to return the ninety pages of exhibits he submitted with his original complaint. Dkt. No. 21. He represents that the documents he sent the court are his only copies of those documents. The court scanned the documents, and they are available on the docket. The court will grant this motion, and instruct the clerk's office to return the paper originals to the plaintiff.

The court **GRANTS** the plaintiff's motion to amend complaint. Dkt. No. 20. The court **ORDERS** that the plaintiff shall file a third amended complaint in time for the court to receive it on or before March 8, 2017.

The court **GRANTS** the plaintiff's motion for order to return exhibits. Dkt. No. 21. The court directs the Clerk of Court to mail to the plaintiff the ninety pages of exhibits filed with the plaintiff's complaint. (Dkt. No. 1-1.)

The court **GRANTS** the defendants' motion to screen the second amended complaint. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 9th day of February, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge