UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROLAND PRICE,

                Plaintiff,

v.                                              Case No. 15-cv-774-pp

LEBBEUS BROWN,
PHILLIP FRIEDRICH, AND
CO OLSEN,

                Defendants.

**DECISION AND ORDER SCREENING PLAINTIFF'S THIRD AMENDED COMPLAINT (DKT. NO. 28)**

The plaintiff filed his third amended complaint on April 7, 2017. Dkt. No. 28. The court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or

1

persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980).

I.  **Allegations in the Complaint**

The third amended complaint is thirteen pages long, and contains allegations that span almost six years and three different prisons. Dkt. No. 28.

The plaintiff begins by discussing a conduct report that he received, which resulted in a hearing in January 2011 at the Wisconsin Secure Program Facility (WSPF). Id. at 2. He alleges that defendant Brown wrote and investigated this report. Id. at 3. He maintains that all conduct reports must be designated by the security director as either a major or a minor offense, and says that if the conduct report doesn't contain such a designation, the WSPF lacks the "jurisdictional authorities" to process the report. Id. The plaintiff alleges that a Captain Gardner (not a defendant) did not "check the type of hearing procedure." Id. The plaintiff also asserts that following the hearing, he was placed in administrative segregation, while similarly situated non-black inmates were placed on temporary lockup status pending a decision on their conduct reports. Id. The plaintiff suggests that he received this treatment because he had filed multiple complaints against defendant Brown, and asserts that more than half of the staff at WSPF are under Brown's influence. Id. at 3.

The plaintiff's "claim #2," "claim #3," and "claim #4" relate to property deemed contraband and destroyed by defendant Phillip Friedrich. Id. at 3-11.

2

In claim #2, the plaintiff asserts that Friedrich seized his legal papers as contraband after Brown wrote the conduct report. Id. at 3-4. He claims that Friedrich seized the documents to prevent the plaintiff from filing inmate complaints and taking legal action. Id. at 5.

In claim #3, the plaintiff alleges that in May 2012, he was transferred out of WSPF to Columbia Correctional Institution, and that Friedrich "packed out" his property. Id. at 6. The plaintiff alleges that when he got to CCI, property was missing, and although he followed the procedures CCI staff told him to follow, his property was "gone." Id. at 7.

In claim #4, the plaintiff turns his attention back to his time at WSDF, and alleges that the facility's failure to follow Wisconsin law, and Friedrich's destruction of his legal papers, damaged his ability to present appeals, as well as his marriage and family support system. Id. at 8-10. He says that he was denied access to the courts because of this. Id. at 10.

The plaintiff's final claim alleges that defendant Olsen denied the plaintiff legal loans and withheld legal mail at New Lisbon Correctional Institution. Dkt. No. 28 at 11-13. According to the plaintiff, Olsen delayed the plaintiff's outgoing mail a number of times in 2016 and 2017. Id.

**II.  Analysis**

   A.  Failure to Mark Conduct Report as Minor or Major; Placement in Segregation

The plaintiff's first claim asserts that Captain Gardner didn't designate the conduct report that Brown wrote as either "minor" or "major," and thus that the WSDF didn't have the authority to process that conduct report. This

3

claim does not assert a constitutional violation, and the plaintiff did not name Gardner as a defendant. The court will not allow the plaintiff to proceed on this claim.

The plaintiff also asserts that he "was placed" in segregation, while non-black inmates were placed in temporary lock-up status. He implies a discrimination claim, but the plaintiff does not say who placed him in segregation. The court will not allow the plaintiff to proceed on this claim.

B.  First Amendment Retaliation Claims

The plaintiff appears to argue in claims #2, #3 and #4 that Friedrich seized his legal materials and other items in retaliation for the plaintiff's objecting to the way the institution handled the conduct report that Brown had investigated and written. To establish a claim of retaliation under the First Amendment, the plaintiff must show that he engaged in an activity protected by the First Amendment, that he suffered a deprivation likely to prevent future protected activities, and that there was a causal connection between the two. See Watkins v. Kasper, 599 F.3d 791, 794 (7th Cir. 2010); Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). The plaintiff has alleged that (a) he engaged in activity protected by the First Amendment (objecting to how the Brown conduct report was handled), (b) that Friedrich caused him a deprivation likely to deter First Amendment activity in the future (by taking his materials so he could not file complaints or participate in the legal process), and (c) that Friedrich did this to stop him from filing complaints or legal actions. Liberally

4

construing these allegations, the court finds that he has alleged sufficient facts to allow him to proceed on a retaliation claim against Friedrich.

    C.        <u>Denial of Access to Courts Claim</u>

The plaintiff also alleges that Friedrich's seizure of materials denied him access to the court system. Prisoners have a fundamental right of access to the courts, and prisons must facilitate that right. <u>In re Maxy</u>, 674 F.3d 658, 660 (7th Cir. 2012) (citations omitted). To support a denial-of-access claim, a plaintiff must allege "that some action by the [defendant] has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." <u>Id.</u>, citing <u>Christopher v. Harbury</u>, 536 U.S. 403, 416 (2002). The plaintiff has alleged sufficient facts to allow him to proceed on a claim that Friedrich's seizure of his belongings impeded his ability to litigate his appellate cases.

    D.        <u>Denial of Legal Loans/Withholding of Mail</u>

As the court mentioned in a prior order, claims must be properly related to other claims in the complaint. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007); Dkt. No. 25 at 4. The plaintiff's claims against Olsen regarding Olson's refusal to mail legal documents and denial of legal loans do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as the plaintiff's claims against Friedrich. <u>See</u> Fed. R. Civ. P. 20(a)(2). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." <u>George</u>, 507 F.3d at 607.

5

Even if the plaintiff's claims against Olsen were related to his claims against Friedrich, he fails to state an access to the courts claim. To state a valid access to the courts claim, a prisoner must minimally allege both that prison officials failed to help him prepare and file meaningful legal papers, and that he lost a valid legal claim or defense because of the challenged conduct. See Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir.2009); Marshall v. Knight, 445 F.3d 965, 969 (7th Cir.2006). Although the plaintiff indicates that he missed deadlines and that Olsen held his legal mail to the court before sending it, he does not plead that he lost a valid legal claim or defense due to Olsen's actions (or inaction). The court will not allow the plaintiff to proceed on any claim against Olsen, and will dismiss Olson as a plaintiff.

    E.    Defendant Brown

Finally, the court turns to defendant Lebbeus Brown. In the third amended complaint, the plaintiff does not even mention Brown until page 3. Dkt. No. 28 at 3. On page 3, in paragraph 5, the plaintiff explains that he has filed multiple complaints against Brown for mistreatment, but that Brown and his "mob" "account for nearly 65% of staff members at WSPF," and that Brown has a lot of influence at WSPF. The plaintiff says he knew that his challenges of Brown were "foolish," but that he didn't think they would destroy his life. In the next paragraph, he alleges that Brown wrote the conduct report that led to the hearing that landed him in segregation. Dkt. No. 28 at 3. On page 4, he alleges that Friedrich wanted to punish the plaintiff for the plaintiff's complaints against Friedrich's supervisor, Brown. Id. at 4.

These are the mentions of Lebbeus Brown in the third amended complaint. The plaintiff has not alleged any constitutional violations against Brown. He has alleged only that Brown authored the conduct report that was not handled correctly, that he has filed many complaints against Brown, and that Brown was very influential at WSDF. These allegations are not sufficient to allow the plaintiff to proceed on constitutional claims against Brown under §1983. The court will dismiss Brown as a defendant.

## III. Conclusion

The court **DISMISSES** Lebbeus Brown and CO Olsen as defendants.

The court **ALLOWS** the plaintiff to proceed on retaliation and denial of access to courts claims against Phillip Friedrich.

The court **ORDERS** that under an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent to the Wisconsin Department of Justice for service on defendant Friedrich.

The court **ORDERS** that, under the informal service agreement between the Wisconsin Department of Justice and this court, defendant Friedrich shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because the clerk will electronically scan and enter on the docket each document upon receipt, the plaintiff need not mail copies to the defendants. The defendant will be served electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the court.

The court advises the plaintiff that failure to timely file pleadings and other documents may result in the dismissal of this case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 7th day of August, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**