UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROLAND PRICE,

           Plaintiff,

v.                                             Case No. 15-cv-774-pp

PHILLIP FRIEDRICH,

           Defendant.

---

**ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 58)**

---

On July 16, 2018, the court granted the defendant's motion for partial summary judgment based on the plaintiff's failure to exhaust administrative remedies, and dismissed the plaintiff's First Amendment retaliation claim. Dkt. No. 57. The court concluded that the plaintiff did not file any inmate grievances regarding retaliation in the fourteen calendar days after the alleged incident occurred, which meant that he had failed to the exhaust administrative remedies outlined in Wis. Admin. Code §310.09. Id. at 12-13. The plaintiff has asked the court to reconsider that decision. Dkt. No. 58.

The court can reconsider a decision under Federal Rule of Civil Procedure 59(e) or 60(b). Rule 59(e) motions serve a very limited purpose in civil litigation.  A court may alter or amend a judgment under Rule 59(e) when there is newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Rule 59(e) requires that the moving party "clearly establish" one of those grounds for relief.  Id. (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).  "Motions under Rule 59(e) cannot be used to present

1

evidence that could have been presented before judgment was entered." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Under Rule 60(b), the court can vacate a judgment or order for several reasons including "mistake, inadvertence, surprise, or excusable neglect" and "fraud, misrepresentation, or misconduct by an opposing party." See Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005).

The plaintiff's motion for reconsideration discusses a variety of issues, none of which directly relate to the court's conclusion that the plaintiff did not file *any* inmate grievances alleging retaliation in the fourteen days following the alleged incident. Dkt. No. 58. The plaintiff first takes issue with the fact that, during briefing, the court granted the defendant's motion for extension of time and allowed defense counsel to substitute for an attorney who was on family medical leave for a portion of the year. Id. at ¶¶1-3. The plaintiff states that the request for an extension was a "tactic for frustrating this court." Id. at ¶2. The court disagrees; there is nothing fraudulent or improper about asking for an extension of time or for substituting an attorney who is on extended leave.

Next, the plaintiff reiterates arguments from his opposition brief regarding a "heightened pleading standard," id. at ¶¶4-12 (which the court addressed in the underlying decision) and the "fruits of the poisonous tree doctrine," id. at ¶¶13-14 (which does not apply in this civil case). The plaintiff appears to imply that the court failed to acknowledge relevant laws, but he cites exactly the same cases the court used in the underlying decision. The plaintiff disagrees with the court's analysis, but mere disagreement is not enough to show "manifest error of law." See Oto v. Metro. Life Ins. Co., 224

F.3d 601, 606 (7th Cir. 2000) ("A manifest error is not demonstrated by the disappointment of the losing party.").

Finally, the plaintiff discusses Conduct Report #2155463, which he believes was mishandled, along with the *writ of certiorari* that he used to appeal that conduct report in Wisconsin state court. See Dkt. No. 58 at ¶¶15-18. The conduct report is unrelated to this lawsuit and involves a correctional officer who is not a defendant in this case. Even if the conduct report was related to this lawsuit, the plaintiff cannot present evidence through a motion to reconsider if it could have been presented before the court issued the decision he asks it to reconsider. Given that the conduct report was from 2011, see Dkt. No. 60 at 1, the plaintiff could have presented it during summary judgment briefing if he had thought it was relevant.

The plaintiff has not identified newly discovered evidence, a manifest error of law or fact, mistake, or fraud. The court will deny his motion for reconsideration.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 58.

Dated in Milwaukee, Wisconsin this 4th day of December, 2018.

                                                  **BY THE COURT:**

                                                  **HON. PAMELA PEPPER**
                                                  **United States District Court Judge**